- - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

    -against-

OLGA CORDOVA,

        Defendant.

- - - - - - - - - - - - - -X

<u>PRELIMINARY ORDER OF
FORFEITURE</u>

CR 04-713 (S-1)(FB)

WHEREAS, in the above-captioned criminal action, the United States of America sought the forfeiture of specific property, the real property and premises located at 511 Sixth Avenue, New Hyde Park, New York, described in the Nassau County records as Section 32, Block 96, Lot 105, (hereinafter the forfeited property) or in the alternative, substitute assets, of the defendant OLGA CORDOVA, pursuant to 21 U.S.C. § 853; and

WHEREAS, on February 10, 2005, the defendant OLGA CORDOVA, entered a cooperation agreement with the United States, and agreed, *inter alia*, to plead guilty to Count One of the Superceding Indictment charging her with conspiracy to import a controlled substance into the United States from a place outside thereof, which offense involved one kilogram or more of heroin, in violation of 21 U.S.C. § 963; and

WHEREAS, the defendant OLGA CORDOVA, *inter alia*, has as part of her Cooperation Agreement with the United States, agreed to the entry of an Order of Forfeiture against the defendant, and to

forfeit to the United States all right, title and interest in any and all properties constituting or derived from proceeds traceable to the offenses contained in Count One of the Superceding Indictment; and

WHEREAS on February 10, 2005 this Court accepted the defendant's guilty plea; and

WHEREAS, by virtue of the Defendant having pled guilty and waived all her constitutional, legal and equitable defenses and rights to the forfeiture allegation of the Superceding Indictment, the United States is now entitled to possession of the forfeited property, pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.  The real property and premises, together with its buildings, appurtenances, improvements, fixtures, attachments and easements located at 511 Sixth Avenue, New Hyde Park, New York, described in the Nassau County Records as Section 32, Block 96, Lot 105, held in the name of defendant OLGA CORDOVA (hereinafter "the real property") is to be forfeited to the United States.

2.  Until the forfeiture of the real property is fully satisfied, defendant, OLGA CORDOVA, shall not, directly or indirectly engage in any effort to transfer, sell, assign, pledge, hypothecate, encumber or dispose of in any manner, or cause to be transferred, sold, assigned, hypothecated, encumbered, or disposed of in any manner the real property

subject to forfeiture.  Until the real property is fully forfeited, any conveyances of any of the property which does not comply with the terms of this paragraph shall be deemed fraudulent, null, void and of no legal effect.

3.  The United States Marshals Service for the Eastern District of New York shall dispose of the forfeited real property and deposit all net proceeds thereto in accordance with applicable laws and regulations.

4.  Upon entry of this Order, the United States is authorized to seizure and forfeiture of the real property and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5.  The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General (or a designee) may direct.  The United States, may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the properties to be forfeited.

6. Any person, other than the above-named defendant, asserting a legal interest in the properties subject to forfeiture may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the properties to be forfeited, and for

an amendment of the order of forfeiture, pursuant to 21 U.S.C. §
853(n).

7. Any petition filed by a third party asserting an
interest in the properties to be forfeited shall be signed by the
petitioner under penalty of perjury and shall set forth the
nature and extent of the petitioner's right, title, or interest
in the properties to be forfeited, the time and circumstances of
the petitioner's acquisition of the right, title or interest in
the properties to be forfeited, any additional facts supporting
the petitioner's claim and the relief sought. If no third party
files a timely claim, this Order shall become the Final Order of
Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Pursuant to Fed. R. Crim. P. 32.2(b)(3), at
sentencing, a Final Order of Forfeiture shall be made a part of
the Defendant's sentence and included in the final Judgment.

9. In accordance with Fed. R. Crim. P. 32.2(b)(3), the
United States is hereby authorized to conduct any discovery
necessary to help identify, locate, or dispose of any property
subject to forfeiture.

10. The United States shall have clear title to the
properties to be forfeited following the Court's disposition of
all third-party interests, or if none, following the expiration
of the period provided in 21 U.S.C. § 853(n)(2), for the filing
of third party petitions.

11. The Clerk of Court shall forward four certified copies of this order to Assistant U.S. Attorney Claire S. Kedeshian, U.S. Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Brooklyn, New York                    SO ORDERED:
Dated: May 4 , 2006


_____
HONORABLE FREDERIC BLOCK
UNITED STATES DISTRICT JUDGE